IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

NICHOLAS BERRY PLAINTIFF

v. No. 3:25-cv-00311-SA-JMV

JIM JOHNSON, ET AL. DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Nicholas Berry who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of Berry's allegations and the applicable authority, the Court finds that Berry's claims should be dismissed for failure to state a claim upon which relief can be granted.

Screening Standards

Because Berry has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

---

[1] *See* [10].
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

Plaintiff's Allegations and Procedural Posture

Berry, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") is currently housed at the Marshall County Correctional Facility ("MCCF") located in Holly Springs, Mississippi. [1] at 1. In the instant matter, Berry complains about the placement of a fellow inmate into general population when he was housed at the Lee County Jail in Tupelo, Mississippi. *Id*. at 4.

According to Berry, this unidentified inmate was an "unstable mentally psychotic person" who "is known for being violent and dangerous and waiting to be transferred to a mental institution." *Id.* at 4-5. Berry goes on to complain that he has been denied a prescribed medication for his eye and, while unclear, *seems* to allege that the unidentified inmate assaulted him while he was sleeping and the assault resulted in the loss of sight in one or both eyes. *Id.* at 5.

Berry filed the instant civil rights complaint under 42 U.S.C.§ 1983 on October 27, 2025. Berry names Lee County Sheriff Jim Johnson, Lee County Jail Administrator Ronnie Parlow, Jailer Ms. Upton, Lee County Mississippi Sheriff Department, Lee County Mississippi, and the State of Mississippi as Defendants in this action. *Id.* at 1-2. By way of relief, Berry requests compensatory damages in the amount of $2,000,000.00. *Id.* at 5.

After Berry submitted all requisite forms for proper filing in this Court, *see* [5], [6], [10], the Court entered an Order Requiring Plaintiff to Submit Additional Information to the Court on December 8, 2025. [14]. In that Order, the Court directed Plaintiff to provide a description of each named defendant's personal involvement in the alleged actions or inactions; an approximate time period for events alleged; and the circumstances of the alleged assault and resulting injury. *See id.* On January 12, 2025, Berry submitted his response to the Order advising that he has already provided all information in his complaint. *See* [15].

On March 2, 2026, the Court entered an Order directing Berry to show cause why this case should not be dismissed for failure to state a claim upon which relief can be granted. [16]. Berry filed untimely

responses to the show cause order on March 24, 2026, *see* [17], and March 25, 2026, *see* [19].[3]

<u>County Liability</u>

To establish municipal or county liability under Section 1983, a plaintiff must demonstrate that an official policy or custom caused the constitutional violation alleged. *Piotrowski v. City of Houston*, 51 F.3d 512, 517 (5th Cir. 1995); *Colle v. Brazos County, Texas*, 981 F.2d 237, 244 (5th Cir. 1993). Berry has alleged no facts to indicate that any policy-making officials for Lee County implemented an official policy that caused his alleged constitutional violation, nor has he established a persistent pattern of conduct by city or county officials that caused the alleged constitutional violation. Moreover, in a Section 1983 action, liability may not be imposed upon a governmental entity on a theory of *respondeat superior* for the actions of non-policy making government employees. *Monell v. Department of Social Services*, 436 U.S. 658, 690-94 (1978); *see Doe v. Rains County Independent School District*, 66 F.3d 1402, 1409 (5th Cir. 1995); *Brown v. Bryan County, Texas*, 53 F.3d 1410, 1418 (5th Cir. 1995). Because Berry alleges no facts showing the direct involvement of policy-making officials of the county in the alleged violation of his constitutional rights, Defendant Lee County Mississippi should be dismissed from this case.

<u>Sheriff's Department Not Amenable to Suit</u>

An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. FED. R. CIV. P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson*, 927 So. 2d 733 (Miss. 2006). As such, Defendant Lee County Mississippi Sheriff Department is not a proper defendant in this action and Berry's claims against it should be dismissed.

---

[3] The Court is mindful that Berry submitted a Notice of Change of *Pro Se* Address on March 25, 2026, *see* [18], and attributes his late filing to the transfer of facilities.

State of Mississippi Not Amenable to Suit

The State of Mississippi is not subject to suit under § 1983. "The State of Mississippi . . .'is not a person within the meaning of § 1983' and is thus not amenable to suit under the statute. *Durand v. Probation and Parole*, 2022 WL 4371000, at *2 n.2 (S.D. Miss. Sept. 21, 2022) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Thus, Defendant State of Mississippi should be dismissed from this action.

Supervisor Liability

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell*, 436 U.S. at 691. Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Berry names Lee County Sheriff Jim Johnson and Lee County Jail Administrator Ronnie Parlow as Defendants in this action. Berry's complaint, however, contains no allegations of any personal involvement by either individual defendant in the alleged constitution violation(s). Likewise, Berry's various responses to the Court's orders add no allegations of personal involvement by Defendants Johnson and/or Parlow. *See* [15], [17], [19]. As such, Defendants Johnson and Parlow have been named defendants in this action merely due to their positions of authority within the Lee County Sheriff's Department and Lee County Jail; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6

(5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

No Allegations Against Ms. Upton

Berry names Jailer Ms. Upton as a Defendant in this action but his complaint contains no specific allegations as to what alleged actions or inactions she took regarding the claims alleged. Berry's various responses likewise fail to include allegations of specific involvement by Ms. Upton. *See* [15], [17], [19]. As such, the allegations presented fail to state a claim upon which relief can be granted against Defendant Ms. Upton.

Failure to Protect

"The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). To establish a claim for failure to protect, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citations omitted). Deliberate indifference in this context means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference[,]" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), and "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Prison officials are not . . . expected to prevent all inmate-on-inmate violence, but [they] are charged with protecting incarcerated individuals from a known excessive risk to safety." *Loisel v. Epps*, 2009 WL 1515079, at *4 (S.D. Miss. Jun. 1, 2009). "Mere negligent failure to protect is not actionable under § 1983, nor is deliberate indifference established by an official's failure to alleviate the significant risk that the official should have perceived but did not." *Brown v. Buffkin*, 2019 WL 322002, at *4 (S.D. Miss. Jul. 17,

2019) (citations omitted).

Berry alleges that defendants "plac[ed] a mentally, psych, patient into general population, that is known for being violent and dangerous and waiting to be transferred to a mental institution" and further that defendants' "negligence is what caused all of this." [1] at 4. Berry's allegations do not indicate that defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" nor that defendants actually "dr[ew] th[at] inference." *See Farmer*, 511 U.S. at 837. Berry's allegations are entirely conclusory and generic as to all defendants. While Berry cites various Mississippi Civil Commitment Law Titles, *see* [19], mere general citations to authority do not demonstrate the requisite knowledge from which defendants must have known of and disregarded a risk to his safety. Moreover, Berry himself alleges that defendants were negligent; and claims for failure to protect *cannot* be predicated on mere negligence. *See Brown*, 2019 WL 322002, at *4. Accordingly, Berry's allegations fail to state a cognizable claim for failure to protect.

<u>Denial of Medical Care</u>

Though it is unclear whether Berry intends to assert a claim for denial and/or delay of medical care, it will be addressed out of an abundance of caution. To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate " deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

The standard for denial of medical care is identical to the one identified in the failure to protect context: a state actor may not be held liable under § 1983 unless the plaintiff alleges facts which, if true,

would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Moreover, not all failures to provide medical care are actionable, as negligent conduct by a prison official does not give rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

In the instant complaint, Berry's only allegations that could reasonably be construed as relating to a claim for denial of medical are that he was denied prescribed medication for his eye because it was too expensive. First, it should be noted that Berry asserts that MDOC Medical at MCCF are responsible for this alleged denial—and no defendants from MDOC nor MCCF have been named. Moreover, a generic statement that he was allegedly denied eye medication without further factual allegations as to circumstances is insufficient to state a claim for alleged denial of medical care. Berry fails to identify what injury required the prescribed eye medication, when the injury and denial of medication occurred, and what, if any, injury or exacerbation to injury occurred without the medication. Berry further fails to identify what MDOC or MCCF personnel denied his request and how or whether they knew of an excessive risk to his health absent the eye medication. Additionally, if the alleged denial of medication were truly dependent on cost—"a facility's consideration of cost hardly constitutes 'deliberate indifference' to the medical needs of inmates as required under the Eighth Amendment." *See Evans v. Gillard*, 2024 WL 1642803, at *2 (N.D. Miss. Apr. 16, 2024).

In sum, Berry's allegations as presented fail to state a claim for denial of medical care upon which relief can be granted.

## Conclusion

Based on the foregoing discussion, the Court finds that Berry has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Berry is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

SO ORDERED, this the 16th day of November, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

[4] Berry's subsequently filed Motion for Leave [21] is DENIED AS MOOT.